UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JUDGE KAPLAN

| | |
|---|---|
| SECURITES INVESTOR PROTECTION CORPORATION, | 06 CV 14355 <br> Civil Action No. |
| Plaintiff-Applicant, | |
| v. | |
| PAUL L. FORCHHEIMER & CO., INC., | |
| Defendant. | |

RECEIVED DEC 1 2 2006 U.S.D.C. S.D. N.Y. CASHIERS

**COMPLAINT AND APPLICATION OF**
**THE SECURITIES INVESTOR PROTECTION CORPORATION**

Plaintiff-Applicant Securities Investor Protection Corporation ("SIPC") applies to this Court for a decree adjudicating that the customers of the Defendant Paul L. Forchheimer & Co., Inc., are in need of the protections afforded under the Securities Investor Protection Act of 1970 ("SIPA, as amended" 15 U.S.C. §78aaa et seq.), and respectfully alleges the following:

1. SIPC is a nonprofit membership corporation created under SIPA.

2. The Defendant was a broker-dealer registered with the U.S. Securities and Exchange Commission ("Commission"), a member of the NASD, and a member of SIPC. Under 15 U.S.C. §78eee(a)(3), SIPC has jurisdiction over broker-dealers that are members of SIPC or were members within 180 days prior to SIPC's determination that an application for a customer protective decree should be filed. In the instant case, SIPC has determined that an application for a protective decree should be filed as to the Defendant.

3. Defendant had its principal office and place of business at 61 Broadway, Suite 3026, New York, New York 10006.

4. This proceeding arises under SIPA, more particularly SIPA §§78eee(a)(3) and (b)(2), which confers jurisdiction over this proceeding and exclusive jurisdiction over the Defendant and its property on this Court.

5. Upon sufficient information, including information supplied by the United States Securities and Exchange Commission (the "Commission"), SIPC has determined that the Defendant has failed to meet its obligations to its customers within the meaning of SIPA §78eee(a)(3), and that there exists one or more of the conditions specified in SIPA §78eee(b)(1). Specifically, the Defendant is: (1) unable to meet its obligations to customers as they mature; and, (2) not in compliance with the requirements under sections 15(c)(3) and 17(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78o(c)(3) and 78q(a), and Rules of the Commission with respect to financial and recordkeeping responsibilities, namely, Commission Rules 15c3-1, 15c3-3 and 17a-3, 17 C.F.R. §240.15c3-1, §240.15c3-3, and §240.17a-3.

6. Because of the above, the customers of the Defendant are in need of the protection provided by SIPA, and this Court should issue a protective decree pursuant to SIPA §78eee(b)(1).

7. SIPA §78eee(b)(3) provides that upon issuance of a protective decree, the court shall forthwith appoint as trustee for the liquidation of the business of the debtor and as counsel for the trustee, such persons as SIPC, in its sole discretion, designates. Section 78eee(b)(3) further provides that SIPC may designate itself as trustee where unsecured general creditor and subordinated lender liability to the debtor appears to aggregate less than $750,000 and the debtor appears to have fewer than 500 customers. The aforementioned conditions are present in this case. Accordingly, pursuant

to SIPA §78eee(b)(3), SIPC respectfully designates itself as trustee, and the law firm of Drinker Biddle & Reath, LLP, with offices at 140 Broadway, 39th Floor, New York, New York 10005, as counsel to the trustee.

8. The filing of this Complaint and Application operates, pursuant to Bankruptcy Code §362(a), as an automatic stay with respect to actions enumerated in that section. Notice of the applicability of the automatic stay should be part of the Order for relief.

9. SIPA §78eee(b)(2)(B)(i) provides that the Court "shall stay any pending bankruptcy, mortgage foreclosure, equity receivership, or other proceeding to reorganize, conserve, or liquidate the debtor or its property and any suit against any receiver, conservator, or trustee of the debtor or its property." Such actions are also stayed by operation of Bankruptcy Code §362(a).

10. Pursuant to SIPA §78eee(b)(2)(B)(ii), the Court is empowered to stay "any proceeding to enforce a lien against property of the debtor or any other suit against the debtor." SIPA §78eee(b)(2)(B)(iii) provides that the Court may stay "enforcement of . . . but shall not abrogate any right of setoff, except to the extent such right may be affected under section 553 of title 11, and shall not abrogate the right to enforce a valid, nonpreferential lien or pledge against the property of the debtor." SIPA §78eee(b)(2)(C)(ii) provides that notwithstanding section 78eee(b)(2)(C)(i), the application by SIPC or any order or decree thereon "may operate as a stay of the foreclosure on, or disposition of, securities collateral pledged by the debtor, whether or not with respect to one or more of such contracts or agreements, securities sold by the debtor under a repurchase agreement, or securities lent under a securities lending agreement."

11. The relief requested should be granted in order to safeguard and protect any property of the Defendant for the benefit of its customers and other creditors, and in the interest of an orderly liquidation of the Defendant's business.

12. Pursuant to SIPA §78eee(b)(4), upon issuance of a protective decree, the Court shall order the removal of the entire liquidation proceeding to the court of the United States in this judicial district having jurisdiction over cases under the Bankruptcy Code, i.e., the United States Bankruptcy Court for the Southern District of New York.

13. SIPC has made no previous application to any Court or any judge thereof for the relief requested.

**WHEREFORE**, SIPC respectfully requests:

I. That the Court enter an Order:

A. Adjudicating that the customers of the Defendant are in need of the protections afforded under SIPA;

B. Appointing (i) SIPC as trustee for the liquidation of the business of the Defendant, with all the duties and powers of a trustee as prescribed in SIPA, and (ii) the law firm of Drinker Biddle & Reath LLP as counsel to the trustee;

C. Providing notice that, subject to the other provisions of Bankruptcy Code §362, the automatic stay provisions of Bankruptcy Code §362(a) operate as a stay of:

(i) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other proceeding against the Defendant that was or could have been commenced before the commencement of this proceeding, or to recover a claim against the Defendant that arose before the commencement of this proceeding;

(ii) the enforcement against the Defendant or against property of the estate of a judgment obtained before the commencement of this proceeding;

(iii) any act to obtain possession of property of the estate or property from the estate;

(iv) any act to create, perfect or enforce any lien against property of the estate;

(v) any act to create, perfect or enforce against property of the Defendant any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

(vi) any act to collect, assess or recover a claim against the Defendant that arose before the commencement of this proceeding;

(vii) the setoff of any debt owing to the Defendant that arose before the commencement of this proceeding against any claim against the Defendant; and

(viii) the commencement or continuation of a proceeding before the United States Tax Court concerning the Defendant's tax liability for a taxable period the Bankruptcy Court may determine.

D. Staying, enjoining and restraining, pursuant to the Court's exclusive jurisdiction over the Defendant and its property, wherever located, and Bankruptcy Code §105(a), all persons and entities from directly or indirectly removing, transferring, setting off, receiving, retaining, changing, selling, pledging, assigning or otherwise disposing of, withdrawing or interfering with any assets or property owned, controlled or in the

   possession of the Defendant, including but not limited to the books and records of the Defendant, and customers' securities and free credit balances, except for the purpose of effecting possession and control of said property by the trustee;

E. Staying, enjoining and restraining, pursuant to SIPA §78eee(b)(2)(B)(i), any pending bankruptcy, mortgage foreclosure, equity receivership or other proceeding to reorganize, conserve or liquidate the Defendant or its property and any other suit against any receiver, conservator or trustee of the Defendant or its property;

F. Providing that, pursuant to SIPA §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of Bankruptcy Code §§362 and 553, except as otherwise set forth in the Order, all persons and entities are stayed, enjoined and restrained, for a period of twenty-one (21) days after the date of entry of the Order or such other time as may subsequently be ordered by this Court, or any other court having competent jurisdiction over this proceeding, from enforcing liens or pledges against the property of the Defendant and from exercising any right of setoff, without first receiving the written consent of SIPC;

G. Providing that, pursuant to SIPA §78eee(b)(2)(C)(ii), and notwithstanding SIPA §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days after the date of entry of the Order or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the debtor, whether or not with respect to one or more of such contracts or agreements,

securities sold by the debtor under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC;

H. Providing that nothing in the Order shall enjoin:

(i) any suit, action or proceeding brought or to be brought by the Commission or any self-regulatory organization of which Defendant is now a member or was a member within the past six months; or

(ii) the exercise of a contractual right of any securities clearing agency to cause the liquidation of a securities contract as defined in Bankruptcy Code §741(7); or

(iiii) the exercise of a contractual right of any stockbroker or financial institution, as defined in Bankruptcy Code §101, to use cash or letters of credit held by it as collateral, to cause the liquidation of its contract for the loan of a security to the Defendant or for the pre-release of American Depository Receipts or the securities underlying such receipts; or

(iv) the exercise of a contractual right of any "repo" participant, as defined in Bankruptcy Code §101, to use cash to cause the liquidation, termination, or acceleration of a repurchase agreement, pursuant to which the Defendant is a purchaser of securities, whether or not such repurchase agreement meets the definition set forth in section 101(47) of the Bankruptcy Code, 11 U.S.C. §101(47); or

(v) any setoff or liquidating transaction undertaken pursuant to the rules or bylaws of any securities clearing agency registered under section 17A(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78q-1(b), or by any person acting under instructions from and on behalf of such a securities clearing agency; or

(vi) any settlement transaction undertaken by such securities clearing agency using securities either (i) in its custody or control, or (ii) in the custody or control of another securities agency with which it has a Commission approved interface procedure for securities transactions settlements, provided that the entire proceeds thereof, without benefit of any offset, are promptly turned over to the trustee; or

(vii) any transfer or delivery to a securities clearing agency by a bank or other depository, pursuant to instructions given by such clearing agency, of cash, securities, or other property of the Defendant held by such bank or depository subject to the instructions of such clearing agency and constituting a margin payment as defined in Bankruptcy Code §741(5);

I. Removing this liquidation proceeding to the United States Bankruptcy Court for this District, pursuant to SIPA §78eee(b)(4); and

J. Authorizing the trustee to take immediate possession of the property of the Defendant, wherever located, including but not limited to the books and records of the Defendant, and to open accounts and obtain a safe deposit box at a bank or banks

to be chosen by the trustee, and to designate such of his representatives who shall be authorized to access such property.

II.   That the Court grant such other and further relief it may deem necessary and proper.

DATED: December 12, 2006

Respectfully submitted,

~~JOSEPHINE WANG~~
~~General Counsel~~

*/s/ Kenneth J. Caputo*
KENNETH J. CAPUTO
Senior Associate General Counsel
  for Litigation

SECURITIES INVESTOR PROTECTION
 CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, DC  20005
Telephone: (202) 371-8300
Facsimile: (202) 371-6728
E-mail: jwang@sipc.org
E-mail: kcaputo@sipc.org

*/s/ Matthew Farley*
Drinker Biddle & Reath
140 Broadway 39th fl
New York NY 10005
212-248-3140

-9-